IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, January 19, 2000

## STATE OF TENNESSEE DEPT. OF CHILDREN'S SERVICES V. J.M.R.R.

**Direct Appeal from the Juvenile Court for Hamilton County**
**No. 157,311       Hon. Suzanne Bailey, Judge**

**FILED FEBRUARY 7, 2001**

**No. E2000-02075-COA-R3-CV**

---

The Trial Judge terminated the mother's parental rights to the children on several statutory grounds. The mother on appeal insists grounds were not established by clear and convincing evidence. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

John A. Shoaf, Chattanooga, Tennessee, for Appellant.

Paul G. Summers, Attorney General and Reporter, and Douglas Earl Dimond, Assistant Attorney General, Nashville, Tennessee, for Appellee, Department of Children' Services.

**OPINION**

The Juvenile Court terminated JMRR's parental rights to her son, JCS (date of birth 1/4/97), and JWR (date of birth 5/4/95). The mother has appealed.

The following issues are raised on appeal:

(1)     There is no clear and convincing evidence to terminate parental rights

pursuant to T.C.A. §37-2-403(a)(2), and T.C.A. §37-1-147(d).

    (2)      The Department failed to make reasonable efforts as required by T.C.A. §37-1-166 to reunify the family.

In the Juvenile Court Judge's Order terminating parental rights, the Court found that JMRR "committed severe child abuse" against the subject child, JWR, and the finding was upheld by the Hamilton County Circuit Court on March 5, 1999. Further, "the conditions which led to said children's removal still persist, but there is little likelihood that said conditions will be remedied at an early date so that the children can be returned to the parents in the near future"; that the continuation of the legal parent/child relationship "greatly diminishes the child's chances of integration into a stable and permanent home", and that defendant JMRR has "failed to comply in a substantial manner with the foster care plans, and that defendant JMRR "wilfully abandoned" the children for more than four consecutive months next preceding the filing of the petition in this cause. The Order then goes on to find that it is in the best interest to terminate the parental rights.

The termination of parental rights must be based upon a finding by the Court that the grounds to terminate have been established by clear and convincing evidence, and that the termination is in the best interest of the child or children. T.C.A. §36-1-113. *Also see: O'Daniel v. Messier*, 905 S.W.2d 182, 188 (Tenn. Ct. App. 1995).

Where a parent has committed severe child abuse, as defined in T.C.A. §37-1-102, a basis is established to terminate parental rights. T.C.A. §36-1-113(g)(4). In this case, the mother was determined to have committed severe child abuse against JWR under a now final Order entered by the Juvenile Court Referee. This found abuse satisfies the requirements of the Statute. *See State v. Galvin*, #03A019807-CV-00233 (Tenn. Ct. App. Eastern Section, April 16, 1999). Moreover, the mother's testimony established grounds for termination.

The evidence further establishes that the mother committed severe child abuse by failing to protect JWR from harm inflicted by her paramour.

The Juvenile Court also found that the mother had failed substantially to comply with a parenting plan, and the record supports this determination.

After the Juvenile Court referee found the children dependent and neglected, and that the mother had committed severe child abuse, a foster care worker devised a permanency plan to reunite the family. The mother was required to go to parenting class, counseling, get psychological evaluation, obtain employment and a home of her own, and pay 32% of her income toward child support. After the children were removed, the mother married, gave birth to a daughter, and was involved with a mentally ill man who abused her. Subsequently, a Juvenile Court Referee conducted a review of the case and the record of that hearing shows that there had been no satisfactory progress on carrying out the requirements of the plan by the mother. At a subsequent review, the record reflects that the mother had continued to refuse to cooperate in the plan's goals. The evidence at trial clearly established that the mother had refused to substantially comply with her permanency plan.

-2-

The evidence established that the plan was adequate and the Department made reasonable efforts to reunite the family.

There is also clear and convincing evidence in the record to support the Trial Court's conclusion that the mother had abandoned the children. The mother had wilfully failed to pay child support and was incarcerated at the time of trial for failure to pay that support. *See* T.C.A. §36-1-102(1)(A)(i), 36-1-102(1)(B). *See also Tennessee Baptist Children's Home v. Swanson*, 2 S.W.3d 180, 187-189 (Tenn. 1999).

There is clear and convincing evidence in the record to support the Juvenile Court Judge's termination of parental rights based upon several grounds, and that it is in the best interest of the children that the mother's rights be terminated.

For the foregoing reasons, we affirm the judgment of the Juvenile Court and assess costs of the appeal to the appellant.

_____
HERSCHEL PICKENS FRANKS, J.